# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, et al., | ) | CASE NO. 5:17-cv-1931 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINOIN |
| JACKSON LOCAL SCHOOL DISTRICT | ) | |
| OF BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' motion to file an amended complaint, *instanter*. (Doc. No. 20 ["Mot. Amend"].) The motion is unopposed. For the reasons that follow, the motion is granted.

Plaintiffs brought this action in state court against defendants on August 15, 2017, seeking damages against defendants for injuries plaintiff Minor Doe, a student of the Jackson School District, sustained when she was allegedly assaulted by another student while riding on a school bus. (Doc. No. 1-2 (Complaint ["Compl."]) ¶ 17.) At the time the complaint was filed in state court, plaintiffs did not know the name of the driver of the school bus, and, as a result, identified him in the complaint as "Bus Driver, Name and Address Unknown . . . ." (*Id*., Case Caption.) On September 13, 2017, defendants removed the action to federal court. (Doc. No. 1 (Notice of Removal).)

The Court conducted a telephonic case management conference on October 25, 2017, after which the Court issued a case management plan and trial order that, among other things, identified December 22, 2017 as the deadline to add parties or amend the pleadings. (Doc. No.

18 (Case Management Plan and Trial Order).)

On December 12, 2017, plaintiffs filed the instant motion to amend, and appended a copy of the proposed pleading thereto. Defendants have not filed a response to the motion, and the time for filing such a response has passed. By way of amendment, plaintiff seeks to add the name of the bus driver, who, they explain, they have identified through discovery as "Jimmie Singleton." (Mot. Amend at 163.)

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the

assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. The request to amend has been filed before the expiration of the deadline to add parties or amend the pleadings and with more than three months left in discovery, and there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery. Finally, plaintiffs have not demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court grants plaintiffs' motion. On or before January 31, 2018, plaintiffs shall file the amended complaint attached to their motion at Doc. No. 20-1.

**IT IS SO ORDERED**.

Dated: January 25, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**