# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, et al., | ) | CASE NO. 5:17-cv-1931 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JACKSON LOCAL SCHOOL DISTRICT/BOARD OF EDUCATION, et al, | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' motion to file a second amended complaint, *instanter*. (Doc. No. 37 ["Mot. Amend"].) The motion is unopposed. For the reasons that follow, the motion is GRANTED.

Plaintiffs brought this action in state court against defendants on August 15, 2017, seeking damages against defendants for injuries plaintiff Minor Doe, a student of the Jackson School District, sustained when she was allegedly assaulted by another student while riding on a school bus. (Doc. No. 1-2 (Complaint ["Compl."]) ¶ 17.) On September 13, 2017, defendants removed the action to federal court. (Doc. No. 1 (Notice of Removal).)

The original complaint contained one federal civil rights claim brought under 42 U.S.C. § 1983, as well as four claims brought under Ohio statutory and common law. On January 35, 2018, the Court granted plaintiffs' unopposed motion to file a first amended complaint for the sole purpose of identifying by name the previously unknown bus driver, Jimmie Singleton. (Doc. No. 22.)

Plaintiffs now seek to further amend their pleadings to add two additional defendants, six claims, and numerous factual allegations. According to plaintiffs, the amendments are necessary in order "to assert claims which conform to the evidence discovered recently through depositions." (Mot. at 237.) Plaintiffs explain that they did not have access to the information that forms the basis for their amendments because responses to their written discovery were delayed and they did not otherwise obtain the information until the recent deposition of seven individuals. (*Id*.) Defendants have failed to file a response to the motion, and the time for registering an opposition has passed.

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a).[1] "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util*., 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co*., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.

---

[1] The addition of new parties is governed by Fed. R. Civ. P. 21, which provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. While some adjustment of the dates and deadlines in this case may be necessary, the case is still in its early stages, and the Court does not anticipate that the adjustment to the dates in its trial schedule will be drastic.[2] Finally, the present motion represents only plaintiffs' second request to amend, and the first request was limited to identifying one of the defendants by name. As such, plaintiffs have not demonstrated a repeated failure to cure deficiencies in the pleadings.

---

[2] The parties have filed a joint motion to extend the expert discovery and dispositive motions deadlines by thirty 30day to account for plaintiffs' request to further amend the complaint and the fact that they have yet to complete expert discovery. (Doc. No. 45.) Neither request interferes with the trial in this matter, which is currently scheduled for January 28, 2019 on a two week standby basis. The joint motion is GRANTED. The parties shall have leave until August 23, 2018 to complete expert discovery. Dispositive motions shall be due by August 30, 2018, with responses due by September 28, 2018, and any replies must be filed no later than October 10, 2018.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). The Court, therefore, GRANTS plaintiffs' motion to file a second amended complaint, *instanter*.

**IT IS SO ORDERED**.

Dated: July 26, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**